UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROY LEE BOLES, ADC #83390                                      PLAINTIFF

V.                       4:18CV00225 SWW/JTR

TRIGGS, North Little Rock Parole
Officer, *et al*.                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

Plaintiff Roy Lee Boles ("Boles") is an inmate at the Ouachita River Unit of the Arkansas Department of Correction. He filed this *pro se* § 1983 action alleging that Triggs, a Parole Officer, and Goree and McGowan, both North Little Rock Police Officers, conspired against him. *Doc. 1*.

Because Boles's Complaint (*Doc. 1*) did not contain sufficient information to allow the Court to properly screen his claims as mandated by 28 U.S.C. §§ 1915(e) and 1915A, the Court directed Boles to file an amended complaint. In his Amended Complaint, Boles added Parole Officer Marve[1] as a Defendant. *Doc. 9*. Boles alleges that Triggs, Goree, McGowan, and Marve conspired to incarcerate him and violate his due process rights. *Id.* at 1. The Court now resumes its screening of Boles's claims.[2]

## II. Discussion

Boles sued Triggs, Goree, McGowan, and Marve in connection with the revocation of his parole. *Docs. 1, 9*. Defendants allegedly conspired to revoke Boles's parole and violate his due process rights. *Doc. 9,* at 1-2. In support of the alleged conspiracy, Boles alleges that: Goree discussed with Marve the possibility of battery charges being filed against Boles; Marve and Triggs, Marve's supervisor, alerted Boles to the possible upcoming charges; during a telephone call, Goree

---

[1] Boles identifies all Defendants by last name only.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

informed Marve that Goree had a warrant for Boles's arrest; and two officers arrested Boles without a warrant. *Id*. at 1-2. Boles maintains that his due process rights were violated because: he was not allowed to confront witnesses or his accuser; his parole was violated in connection with charges that were dismissed; his parole was violated in connection with charges that had not yet been resolved; and because he was not given a copy of the hospital report evidencing the attack in connection with which he was charged with second degree battery. *Doc. 9*, at 1-2; *Doc. 1*, at 6-8. Boles seeks damages for the alleged violations of his federally-protected rights. *Doc. 1,* at 11.

Boles's claims that Defendants conspired to incarcerate him and violate his due process rights are *Heck*-barred. The United States Supreme Court has held that if a judgment in favor of a prisoner in a section 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The holding in *Heck* is applicable to claims that would imply the invalidity of a parole revocation. *Newmy v. Johnson*, 758 F.3d 1008, 1011-12 (8th Cir. 2014). Further, the principal barring collateral attack "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (citing *Heck*, 512 U.S. at 490 n.10).

Boles's allegations, if established, would imply the invalidity of his parole revocation, and there is no indication that the revocation was ever called into question. *See, for example, Campbell v. Williams*, case no. 5:10-cv-00312-SWW, 2011 WL 1576367 (E.D. Ark. Apr. 26, 2011) *aff'd* 11-2140 (8th Cir. Aug. 15, 2011). Accordingly, Boles's conspiracy claims should be dismissed.

To the extent that Boles seeks to challenge the sufficiency of the evidence on which his parole was revoked, that claim is also *Heck*-barred.

Boles also alleges that his rights were violated because his parole was revoked based on charges that (1) were ultimately dismissed[3] and (2) had not yet been resolved[4] -- in other words, that he had not been convicted of a crime at the time his parole was revoked. *Doc. 1*, at 9; *Doc. 9*, at 2. The state must prove a parole violation by a preponderance of the evidence, not beyond a reasonable doubt as in a criminal case. *See, for example, Lemons v. State*, 310 Ark. 381 (1992); *Morrissey v. Brewer*, 408 U.S. 471, 486-89 (1972). Accordingly, no conviction is required for a parole revocation; a finding of a violation by the preponderance of the evidence

---

[3] Boles's parole was revoked on or around November 17, 2016, for terroristic threatening and domestic battery. *State v. Boles*, case no. 60CR-16-4346, Circuit Court of Pulaski County, Arkansas. The charges against him were ultimately *nolle prossed*.

[4] Boles's parole was revoked on or around July 5, 2017, and he was sentenced to six months in the Arkansas Department of Correction. *Doc. 1*, at 12, 15. At the time his parole was revoked, Boles had not yet pled guilty to the Second Degree Battery charges pending against him; he entered his guilty plea on August 3, 2017. *State v. Boles*, 60CR-17-2357, Circuit Court of Pulaski County, Arkansas. He is now apparently serving a sentence for Second Degree Battery, and not in custody as a result of a parole violation. *Id*.

suffices. Beyond that, these challenges to his revocation are likewise *Heck*-barred. Accordingly, the Court recommends that Boles's Complaint (*Docs. 1, 9*) be dismissed, with prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Boles's complaint be DISMISSED, WITH PREJUDICE, for failure to state a claim on which relief may be granted.

2. Dismissal constitute a "strike" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 11th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE